865 F.2d 1329
 275 U.S.App.D.C. 230
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
CITY OF ST. PAUL
v.
FEDERAL AVIATION ADMINISTRATION.
 No. 88-1499.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 18, 1989.
 
 Before HARRY T. EDWARDS, STEPHEN F. WILLIAMS and DANIEL M. FRIEDMAN,* Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 The petition for review of an order of the Federal Aviation Administration was briefed and argued by counsel. On full consideration of the issues presented, the court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED and ADJUDGED that the petition for review be denied.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See Local Rule 15(b)(2).
 
 MEMORANDUM
 
 4
 This case involves a petition for review of an order by the Federal Aviation Administration ("FAA") on July 14, 1988, authorizing a six-month test that revised use of the runway at the Minneapolis-St. Paul International airport ("MSP") to distribute more equitably airport noise in the surrounding communities. The City of St. Paul, Minnesota, et al. ("petitioner") petitions this court to overturn the FAA's order because it failed to include an environmental impact statement, allegedly in violation of the National Environmental Policy Act ("NEPA"), and because it was promulgated without public notice or comment, allegedly in violation of the Administrative Procedure Act ("APA"). We reject both of these claims.
 
 
 5
 First, the petitioners are mistaken in their belief that NEPA requires the FAA to prepare an environmental impact statement. NEPA does require an environmental impact statement for "every recommendation or report on proposals for ... major Federal actions significantly affecting the quality of the human environment." 42 U.S.C. Sec. 4332(2)(C) (1976). However, an agency has the discretion to decide whether its action is significant enough to warrant an environmental impact statement. See Sierra Club v. United States Dep't of Transp., 753 F.2d 120, 126 (D.C.Cir.1985).
 
 
 6
 We find that the environmental assessment that the FAA conducted was clearly permissible under 42 U.S.C. Sec. 4332(2)(C) (1976) and was also adequate under the FAA's own rules and regulations. It is clear from the record that the FAA: (1) identified the relevant environmental concern (noise pollution); (2) took a "hard look" at the environmental impact, including assessing what effect the test would have on a nearby Veterans Hospital; and (3) reasonably concluded that the noise over the Veterans Hospital would not be too intrusive, and that there would be a net reduction in the total populace exposed to airport noise. See generally Sierra Club, 753 F.2d at 127 (outlining the factors this circuit considers in examining an agency's decision not to prepare an environmental impact statement). Moreover, in preparing the Environmental Assessment Statement, the FAA adequately followed its own rules and regulations: it concluded a cumulative analysis of noise impact, considered a list of alternative noise abatement strategies, and consulted with local governments about the proposed test.
 
 
 7
 Second, the petitioners' claim that they received inadequate notice and comment is similarly unpersuasive. Their challenge assumes that the order amounts to an informal rulemaking, which requires notice and comment. See 5 U.S.C. Sec. 553(b), (c) and (d). However, we find that this case involves informal adjudication, not informal rulemaking, so there is no requirement of "notice and comment" under the APA. See Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 414-15 (1971). The FAA did not purport to engage in informal rulemaking but, rather, informally adjudicated the merits of the flight test proposal. Because this is a case of informal adjudication, the petitioners may only challenge the agency procedures if the procedures violated constitutional norms of procedural due process. The petitioners conceded at oral argument that they do not claim any such due process violations, nor do we find any.
 
 
 8
 Even assuming, arguendo, that the FAA order could be characterized as an informal "rule," subject to notice and comment, the record in this case shows that the petitioners had actual notice and an opportunity to comment. See McLouth Steel Prods. Corp. v. Thomas, 838 F.2d 1317, 1323 (D.C.Cir.1988) (initial notice defect may be cured by later actual notice and opportunity to comment). Throughout the noise planning process, the FAA consulted with the Metropolitan Airport Commission, on which the City of St. Paul is represented, and discussed the test with St. Paul citizens at a variety of public hearings and meetings.
 
 
 9
 Accordingly, we deny the petition for review of the FAA order, because we find that the FAA provided an adequate environmental assessment of the order and neither contravened the APA nor the Constitution by failure to provide notice and comment.
 
 
 
 *
 Of the United States Court of Appeals for the Federal Circuit, sitting by designation pursuant to 28 U.S.C. Sec. 294(d)